The opinion of the Court was delivered by

Mr. Justice Richardson.

In this case; the plaintiff located the land in question, within his grant of 1S19; and it was evident that the land was not. covered by the grant to Ackery, under which the defendant claimed.
The motion, therefore, was resolved into the single enquir ry, whether there was reason to presume another grant than the one to Ackery, in order to take the land opt of the state, prior to 1819. For, although the defendant had been long in possession of the land contained within the grant to Ackery; yet, he had never taken, actual possession of the land ip dispute, until within a few years. When he was sued by the plaintiff, he had only possession of the land contained within the grant to Ackery, which cannot.-be .extended, by construction, to land-without tb.e- *30 grant, and which had never been occupied by the defendant. This is clear, otherwise there could be no limits to constructive possession.
But it was urged, that, in as much as the mesne conveyance from Curry, to the defendant, sets forth the land in dispute, a-s coming within the limits of the tract conveyed; therefore, the actual possession of a part of the tract might be extended by construction, to the limits to set forth in the mesne conveyance; and thence, another grant from the state be presumed, for so much of the land as lay within the grant to Ackery; and assuredly, if this were all, such a presumption might arise: but it is always to be borne in mind, that the conveyance from Curry to the defendant, although it extends the tract by a mistaken description, yet describes the hundred and sixty acres conveyed, as a piece and part of the two hundred acres granted to Ackery; and thereby excludes the presumption, that this mesne conveyance could have been deduced from, or the possession under it, authorized by any other grant than that of two hundred acres to Ackery.
As the moment you fix the boundaries of the' grant to Ackery, no intermediate conveyance under it could give title to lands beyond such boundaries, so the moment it appeared that this conveyance professed upon its face to release a part of the two hundred acres granted to Ackery, it as plainly excluded the presumption of any other grant, from which its descent could be traced, or the. constructive possession enure to make a good title*
In a word, the actual possession of a part, required to he extended over the land in dispute, by means of tbe conveyance, in order to raise the presumption of another grant. But, that very conveyance, which is the sine qua non of the constructive possession, excludes the idea of such other grant, by referring the land conveyed to the individual grant of two hundred acres •to Ackery.
And the defendant, being bound by the deed under which lie held, and without which his possession could not be extended, :by the very same deed, rebutted the presumption his counsel would enforce.
It is, in my judgment, as if a defendant were to set up a. title by possession, and in order to define die limits of his possession,, were to-esbibit & lease for yearsj which, while it would*. *31 on the one hand, extend the constructive possession to the desired limits, would, on the other hand, exclude the presumption ' that the possession was adverse, and so defeat the ultimate ob« ,ject for which it was introduced.
From, all therefore, that appears, the land in dispute was vacant in 1819, when the plaintiff’s grant was obtained.
The motion is refused. —
Huger, Johnson, Colcock, Justices, concurred-